CLOUGH et al
vs
CLOUGH.

---

CHANCERY.

## Clough *et al.* vs Clough.

### ERROR TO THE HARRISON CIRCUIT.

Case 22.

September 24.

*Vendor and vendee. Partition. Rents.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

The facts of the case.

JARRARD CLOUGH and five others, as heirs of their deceased father, being entitled, by descent from him, to a tract of land of 300 acres, on Beaver creek, Harrison county, made a parol partition among themselves, prior

to the year 1821, in which year one of his co-tenants, to-wit: *William Clough*, made a verbal sale of his allotment of 50 acres, to the said *Jarrard*, who, thereupon, entered on and has ever since occupied the same.

In July, 1834, *Jarrard* having paid to *William Clough* the whole stipulated consideration, but not having received a conveyance, one *Raymond*, his neighbor, with full knowledge of the foregoing facts, obtained a deed from the said *William* for the said 50 acres of land, and not only claimed the paramount title, but denied that *Jarrard* had any equitable right thereto.

In 1835 *Jarrard Clough* filed a bill in Chancery against *Raymond* and *William Clough*, and all his co-heirs, seeking a confirmation of the partition, a specific execution, and a relinquishment by *Raymond*, or such other relief as he might be entitled to.

The Circuit Court, by an interlocutory monition, required the restitution of the amount which *Jarrard* had paid to *William*, without interest, and the payment, also, of the assessed value, at that time, of valuable and permanent improvements which *Jarrard* had made on the land; and, at the next term, nothing having been paid under that decree, a sale of *Raymond's* derivative interest in the land was decreed for making the aggregate sum specified in the interlocutor. And at the sale, as decreed, *Jarrard Clough* became the purchaser, and obtained a conveyance.

This writ of error is prosecuted for reversing that decree, for alledged want of proper parties, and for imputed error in the principles of the decree.

All the co-heirs of *Jarrard Clough* were not regularly before the Court. But they could have been necessary parties for no other purpose than that of confirming the parol partition in which all seem to have acquiesced for more than twenty years.

There was no decree, however, for confirmation; and of this *Raymond* has no right to complain, if the decree against *him* be right, and especially as he did not prepare the case for such confirmation; nor has *Thomas Clough*, (who was the only other person who asked for a confirmation,) any right to complain; because no *subpœna*

*Decree of Circuit Court.*

A party whose duty it is to bring other parties before the Court, may not complain of the want of such parties.

was ever issued on his cross bill against his co-defendants, none of them ever answered it, and it remains yet undisposed of—so that, whenever he prepares it for hearing, he may obtain the relief sought by it. And, therefore, *Jarrard Clough*, himself not complaining of the omission to decree a confirmation of the partition, there should be no reversal of the decree for want of parties.

If, as the Circuit Judge seems to have thought, it was not proper to compel *Raymond* to relinquish merely because there was no written memorial of *Jarrard's* contract of purchase, nevertheless, there can be no doubt that *Jarrard* was entitled, as against his vendor, to an equitable lien on the land for the price he had paid, and also for all ameliorations made in good faith; and there can be as little doubt that, as *Raymond* obtained the legal title fraudulently as to *Jarrard*, and with full notice of his equity, he took it subject to the existing lien.

That lien has been enforced, and not, in our judgment, for more than appeared to be equitable. *Jarrard* does not appear to have been equitably liable to rents or profits, exceeding the legal interest on the price paid by him and the value of the use, by his vendor, of a tract of his without charge. In such a case between vendor and vendee, especially when the former has acted in good faith and the latter refuses to fulfil his contract, the use of the consideration should be, *prima facie*, deemed equivalent to that of the land. And there is no proof in this case which can affect that equitable presumption.

Having thus briefly considered all the objections which have been made to the decree, we do not perceive any just ground of complaint by *Raymond*. The title is at least lodged where it would have been had he not improperly obtruded himself between his neighbor and a besotted brother, and endeavored, for his own unrighteous gain, to frustrate an honest contract and disturb a long continued occupancy and repose. And in this, rather providential, translation of the legal title to its rightful depository, we perceive no error prejudicial either to *Raymond* or to *Thomas Clough*, his co-plaintiff in error.

Wherefore, the decree is affirmed.

*Cates & Lindsey* for plaintiffs: *J. Trimble* for def't.

A purchaser of land by parol contract, has a lien thereon for payments made, and for ameliorations made in good faith.

A vendee of land with knowledge of a previous sale by the vendor, takes the purchase subject to all liens shared by the first purchaser.

As between vendor & vendee, the use of the consideration is considered as equivalent to the use of the land.

When a decree by the chancellor, tho' irregularly made, places the party seeking its reversal in the situation he should occupy. There will not be a reversal where such party has induced such irregularity.