### EWALD and Others *v.* COLEMAN.

It is improper for a sheriff, in selling land on execution, to announce that he will sell only a conditional estate, that may be redeemed, in a year, because the tendency of such statement is to injure the owner of the real estate, by depreciating its value.

APPEAL from the *Lawrence* Common Pleas.

*Per Curiam.*—We think the order appealed from, in this case, was an injustice, as in the case of *Flagg* v. *Sloan,* and not a mere restraining order, as in *The Cincinnati, etc., Co.* v. *Huncheon,* 16 Ind., pp. 432, 436. Hence, an appeal would lie in the case. It enjoined the execution of a deed to land till the validity of a sheriff's sale could be tested in the pending suit. We think, also, the complaint, on its face, makes a case for relief. It shows that when the sheriff offered the

property for sale he announced that he should only sell a conditional estate, that might be redeemed in a year; that this was all he did sell; and for that intent he gave a certificate instead of a deed, for the fee simple; that, in consequence of this course, which, we must take it, the execution-plaintiffs sanctioned, property worth six thousand dollars sold for about three hundred dollars, and which, otherwise, would have sold for three thousand dollars.

The temporary injunction is affirmed, with costs, and the cause will proceed below, to answer, issue, and trial.

*Carlton* and *Parks*, for the appellant.

*William T. Otto* and *Thomas R. Cobb*, for the appellee.