## SELLER v. LINGERMAN.

SHERIFF'S SALE.—LIEN OF PURCHASER FOR PRICE PAID.—Suit by the execution debtor to set aside a sheriff's sale of real estate. At the time of the sale, the sheriff represented to bidders that the land would be sold subject to redemption by the execution defendant within one year, under the act of 1861, afterward held inoperative, by means of which representations persons were prevented from bidding, and the land was sold for one-third of its value. The court below set aside the sale, but decreed the price paid by the purchaser a lien upon the land, to be enforced by execution.

*Held,* that the representations made by the sheriff might well be shown to avoid the sale, taken in connection with the inadequacy of price.

*Held,* also, that the purchaser was entitled to recover the purchase money paid by him at the sheriff's sale, and to have his lien declared without bringing his separate action.

*Held,* also, that the power possessed by the court to secure to the purchaser the return of his money, by decreeing a lien for the same upon the land, would seem to render a tender of repayment by the execution defendant unnecessary.

APPEAL from the *Hendricks* Circuit Court.

HANNA, C. J.—This was a proceeding instituted by *Lingerman,* an execution defendant, to set aside a sale of his land by the sheriff. The causes alleged are: First, that due notice was not given; second, that property was sacrificed, more sold than was necessary, &c.; third, that such representations were made by the officers as prevented bidding, and caused the land to sell for less than it otherwise would have brought; that said execution defendant was not present at the sale, and the purchaser was, and had notice of said representations. Prayer, that the sale be set aside.

A demurrer was overruled to the complaint, which presents the first point.

The representations made by the sheriff in private conversations, and by his deputy during the progress of the sale, were to the effect that the land would be sold subject to be redeemed in one year, under the law of 1861,

since held inoperative. The evidence shows that because of said representations, persons were prevented from bidding, and that the land brought but about one-third of its fair value, and that a certificate was executed to the purchaser, under the redemption law. These facts appear to bring this part of the case within that of *Ewald* v. *Coleman*, 19 Ind. 66.

But it is urged that the complaint was bad for not averring an offer to repay the money bid upon said sale. The proceedings were instituted after the execution of a deed by the sheriff to the purchaser. Where lands were purchased on execution, to which the execution defendant had no title, it has been held that the purchaser could recover the purchase money of the said defendant. *Muir* v. *Craig*, 3 Blackf. 293; 8 Blackf. 432; 9 Ind. 1; 10 *id.* 172; 15 *id.* 134. But it does not follow that the execution defendant, to get rid of an improper sale, should tender the money bid. *Banks* v. *Bales*, 16 Ind. 423. It is because of the wrongful act of persons other than said execution defendant that he should have said sale set aside. The purchaser was, in one sense, one of the parties to such act, and must take the consequences. We conclude, therefore, that the demurrer was rightly overruled.

The next point is made upon rulings in reference to the introduction of evidence. The court permitted the statements and representations of the sheriff and his deputy, who had the writ, both before and at the time of the sale, to go in evidence, as to the title they would sell, whether absolute or conditional. This was objected to, especially as to such as preceded the sale. The court appears to have admitted said evidence, in connection with that showing the inadequacy of the price for which the property sold, upon the issue whether the sale was fair and valid. To the same effect were the rulings on instructions given and refused, and, therefore, we shall consider together the points raised upon both rulings.

We have already indicated, by what we have said in

regard to the sufficiency of the complaint, that, in our opinion, such representations might well be shown to avoid a sale. It only remains for us to say, that when offered in connection with inadequacy of price, or other circumstances which might convince a court or jury that a fair and honest sale has not been had, such evidence should be received. We do not see anything in the rulings, either upon the reception of evidence, or upon the question of charges to the jury, that, in this view, prejudiced the rights of the defendant.

We cannot, therefore, disturb the judgment of the court setting aside said sale.

The court rendered a judgment against the execution defendant for the amount of purchase money, and interest, paid by the said *Seller* on his bid. His answer was a general denial. A cross-error is assigned upon this branch of the judgment. Could the court, in that proceeding, and under that issue, so adjudge? The verdict of the jury was general, for the plaintiff, *Lingerman.* It is apparent that this part of the judgment is outside of the issues, and, therefore, not authorized by anything that appears in the record, and, as to so much, should be reversed.

The judgment setting aside the sale is affirmed, but as to the order or decree against *Lingerman,* for the payment of money, it is reversed, at the cost of appellant.

On a rehearing of this cause, the following opinion was delivered by

RAY, J. — A petition for a rehearing was filed by the appellant, and the petition was granted as to so much of the judgment of this Court as reversed the decree of the Circuit Court, giving to the appellant a lien upon the land sold by the sheriff, for the amount of the money bid at the sale, and paid to the sheriff as the price of the land.

This cause has been re-submitted for consideration, and we are of opinion that the judgment of the Circuit Court was correct, and should be affirmed. The finding and decree of the court upon the point under consideration was

as follows: "The court now finds that, as alleged by the complaint, and admitted by the answer, the sum of money paid by the defendant on his bid, at said sheriff's sale, on the 3d day of *September*, 1861, was the sum of $817, and that the interest accrued thereon, up to this date, is the sum of $125, making in all the sum of $939. It is, therefore, ordered, adjudged and decreed, as part of the foregoing judgment, that, within ninety days from this date, the plaintiff shall pay into this court, for the use of the defendant, the sum of $939, so, as aforesaid, found due to him from the plaintiff, and that upon failure thereof execution therefor may be done on the property of the plaintiff."

The appellee cannot complain that the order of the Circuit Court was inequitable. The appellant's money had been applied, upon a sale of the property, to pay a judgment against the appellee, and when he comes into a court, and asks the exercise of its chancery powers to avoid the sale for errors, for which the officer of the law, alone, is responsible, he must accept the relief upon equitable terms. Nor should the appellant be required to commence an action for the recovery of the purchase money, when success in the action might not enable him to secure a lien upon the land from which his money had removed a judgment. By the decree in this case, both a multiplicity of suits is avoided, and equity is done to both parties. But the ruling rests upon authority which meets our approval. In the case of *Bunts* v. *Cole et al.*, 7 Blackf. 265, it was held, Mr. Justice SULLIVAN rendering the opinion, that "if a bidder at a sheriff's sale of real estate prevent others from bidding, by representations respecting the object of his bid, and then buy the property at the sale at a price much below its value, the sale is void as against public policy, and as a fraud upon the judgment debtor and his creditors. He is, however, entitled to be refunded the purchase money, which was applied to pay the complainant's debt." The court reversed the decree, with costs, and decreed that the

sheriff's sale was void; but that *Cole* should retain a lien on the land for the money paid by him.

The case of *Banks et al.* v. *Bales,* 16 Ind. 423, cited by the appellee, is not in conflct with this authority. The power possessed by the court to secure to the purchaser the return of his money, by decreeing a lien for the same upon the land struck off by the sheriff, would seem to render a tender of repayment of the sum, by the execution defendant, unnecessary.

The judgment of the Circuit Court is in all things affirmed, with costs against the appellant.

*A. G. Porter, W. P. Fishback,* and *C. C. Nave,* for appellant.

*H. C. Newcomb, J. Tarkington,* and *P. S. Kennedy,* for appellee.