Filed Dec. 15, 1883.

———————◆———————

## No. 9514.

## JONES, ADMINISTRATOR, ET AL. *v.* FRENCH ET AL.

DECEDENTS' ESTATES.—*Sale of Lands.—Fraud of Administrator.*—Where an administrator conceals his intention to sell certain lands from the heirs and strangers who would bid, in fraudulent collusion with one to whom he sells for an inadequate price, equity will set aside the sale.

SAME.—*Lien of Purchaser.—Subrogation.*—A purchaser in good faith of lands from an administrator, where the purchase-money paid by him is applied to the payment of the intestate's debts, will, if the sale be set

aside, be entitled to a lien on the land for the amount of money paid; and this is so though there may have been sufficient personal property to pay the debts; and though no additional bond was filed by the administrator; and though another tract was sold for a sum sufficient to pay the debts.

From the Wabash Circuit Court.

*M. H. Kidd, N. G. Hunter* and *A. Taylor,* for appellants. *J. D. Conner, J. D. Conner, Jr.,* and *A. Hess,* for appellees.

ELLIOTT, J.—The appellees instituted this action to set aside a sale of real estate made by the administrator of the estate of their deceased father, and among other charges in the complaint are the following: "The said administrator gave it out, and had it understood, that he would not ask an order to sell the real estate of said heirs and legatees, situate in Wabash county, but only the real estate in Lagrange county; neither was there anything in said petition about the land in Wabash county; but the plaintiffs say, that for the fraudulent purpose of putting the title of the Wabash county land in the defendant Benjamin Smith, and cheating and defrauding the plaintiffs, the administrator, on the 1st day of March, 1880, amended his petition by inserting therein a description of the real estate situated in Wabash county, and asking an order of court to sell said lands; that after the administrator had amended the petition he did not refile it, but designedly kept it off of the files the better to enable him to conceal his fraudulent design." "Plaintiffs say that in pursuance of said fraudulent purpose of securing the title to plaintiffs' land to Benjamin Smith, the administrator, after having told Michael Niccum, Solomon Unger, Groves Miller, and divers other persons living in the neighborhood of said land (and who were anxious to bid upon, and would buy, the said land if they had known the same to be for sale, and who would have paid one thousand dollars for the same), that he, the administrator, did not intend to sell the said land, nor ask for an order of court to sell it, but that he only intended to sell the Lagrange county land; that about the times Jones, the

administrator, was so informing said persons, he was secretly and fraudulently conspiring with Benjamin Smith to let him, said Smith, have the land at less than one-half its value."

The allegations copied from the complaint show fraud on the part of both the administrator and the purchaser, and entitled appellees to have the order of sale set aside. It is fraud for an administrator to represent that he will sell only the one parcel of land described in the petition, and afterwards surreptitiously amend his petition so as to make it describe another parcel, and then designedly keep the petition from the files for the purpose of concealing the amendment from the heirs. It is gross fraud for an administrator to collude with a purchaser and by false statements prevent competing bids.

Judgments may be set aside for fraud, and the same rule applies to orders made upon the petition of administrators to sell lands for the payments of the debts of a decedent. *Nealis* v. *Dicks,* 72 Ind. 374; *Sanders* v. *State,* 85 Ind. 318 (44 Am. R. 29), *vide* authorities, pp. 328, 330. We have no doubt that the charges of fraud were sufficient, independent of the other averments, to make the complaint good.

The counter-claim of the appellant Smith alleges that he bought the land in good faith, paid for it the sum of $576, the full value thereof, and that the money paid by him was used in payment of the debts of the decedent and the expenses of administration. It also denies that there was any fraud on his part or any knowledge of any wrong on the part of the administrator. The prayer is that he may be adjudged to have a vendee's lien on the land for the sum so paid by him.

It now becomes necessary to refer to the other causes set forth in the appellees' complaint, which, in conjunction with the allegations of fraud, are relied upon as impeaching the validity of the administrator's sale. The substantive averments of the complaint, not already noticed, are: 1st. That there was personal property sufficient to pay the debts. 2d. That the Lagrange county land sold for a sum sufficient to pay the debts. 3d. That there was no additional bond filed

by the administrator. We are of opinion that the title of a purchaser acting in good faith would not be impaired because of the sufficiency of personal property to pay debts, for that is an allegation in the petition upon which the defendants should have joined issue, and is a question which must be regarded as directly adjudicated. Nor do we think the second reason, namely, that one parcel of land sold for a sum sufficient to discharge all debts, would destroy the right of a good-faith purchaser to hold a vendee's lien for money which he had honestly paid on his bid, and which had gone to release the land from the burden of the intestate's debts. Nor do we think that the failure to file an additional bond should be allowed to deprive a purchaser who conducts himself honestly, and is ignorant of irregularities, of the right to hold the land as security for money paid by him and used by the administrator in discharging debts due from the intestate. Indeed, the cases go so far as to declare that, although no additional bond is filed, the sale will not be set aside if the money has been paid in good faith and justly applied to the payment of debts. *Dequindre* v. *Williams*, 31 Ind. 344.

. It seems to us that the purchaser should be protected to the extent of the money honestly paid by him, even though the administrator has not acted fairly, and has failed to file the additional bond required by the statute. In the case of *Foster* v. *Birch*, 14 Ind. 445, it was held that where the money paid by the purchaser was properly used by the administrator, the sale was not void, although no additional bond was filed, and it was said : " The heirs have no equity. They have received the full benefit of the sale. A bond is only required to secure the heirs against the misappropriation of the sale money. Here, they have had all the benefit of that." Where one buys in good faith at a sheriff's sale, he is entitled to a vendee's lien to the extent of the sum paid by him although the sale is void. *Seller* v. *Lingerman*, 24 Ind. 264, and this general doctrine applies to all judicial sales.

The principle which underlies the case is closely akin to

that upon which rests the wise and just doctrine of subrogation. The authorities do, indeed, treat such a case as this as resting on this great equitable doctrine. In a recent work it is said: "The purchaser of a deceased person's real estate at an invalid sale made thereof by the personal representative for the payment of debts, having paid his purchase-money, and this having been applied to the payment of debts and charges of administration, is entitled, upon a disaffirmance of the sale, to be subrogated to the rights of the creditors and of the personal representative whom he has satisfied, and to charge the land with the debts and expenses so paid by him, to the extent to which the land is liable for such debts and expenses." Sheldon Subrogation, section 209.

The general principle upon which this case rests is recognized and enforced by our statute and our decisions. R. S. 1881, sec. 1084; *Walton* v. *Cox*, 67 Ind. 164. It is an equitable principle, which secures justice to the parties immediately interested, tends to give confidence in judicial sales, and encourage purchasers to bid fair prices, because it assures to them that happen what may, they will get back the money paid by them. *Sidener* v. *Hawes*, 37 Ohio St. 532.

We have had no brief from the appellees, although we have held the case for some time, hoping that one would be filed, and we have not been able to find any reason upon which the ruling on the demurrer to the counter-claim can be upheld.

Judgment reversed.

Filed Dec. 15, 1883.