Stults *et al.* v. Brown, Administrator.

No. 12,915.

STULTS ET AL. *v.* BROWN, ADMINISTRATOR.

SPECIFIC PERFORMANCE.—*Decedents' Estates.*—*Administrator's Sale.*— *Contract.* — *Vendee's Lien.*—The vendee of a purchaser of land from an administrator, who has paid the purchase-price, but received no deed, and whose title has been invalidated by a judgment setting aside the sale by the administrator, can not maintain an action for the specific performance of the contract of sale, but may enforce a vendee's lien against the land for the amount of the purchase-price paid by him, and is entitled to an order requiring the administrator to re.sell the land to make assets for the payment of his debt, in an action brought for that purpose· and proceeding upon that theory.

From the Huntington Circuit Court.

*B. M. Cobb, B. F. Ibach* and *G. W. Stults,* for appellants.
*J. C. Branyan, M. L. Spencer* and *W. A. Branyan,* for appellee. .

ELLIOTT, J.—John Stults was appointed the administrator of the estate of Conrad Forst, deceased, on the 10th day of June, 1873. The personal property of the estate was insufficient to pay the debts, and he petitioned for an order to sell real estate. His petition was granted and the order made. On this order sale was made to Joseph Best for sixteen hundred and two dollars; this was more than the appraised value of the land. Subsequently the sale was approved and the deed confirmed. The purchase-money was paid in full and final settlement of the estate was made. After the final settlement Best sold the land to John Stults, who paid for it. the sum of sixteen hundred dollars. Some time after this purchase the widow of Conrad Forst brought an action against John Stults, Joseph Best, and the heirs of Conrad Forst, deceased. On the trial of this case it was discovered that there was some irregularity in the proceedings, and the parties agreed that the sale should be set aside, and it was so adjudged. Before further proceedings were had, John Stults,,

the purchaser from Joseph Best, died, leaving as his heirs these appellants. The appellee was subsequently appointed administrator *de bonis non* of the estate of Conrad Forst. The parties agree as to the facts, but differ as to the law.

We do not believe that the appellants have shown a right to a specific performance. The judgment setting aside the sale must be regarded as conclusive. That judgment establishes the invalidity of the sale, and, consequently, no title flowed from it. This effectually bars a right to enforce specific performance.

A further question remains. The father of the appellants paid sixteen hundred dollars in good faith and in expectation of securing title to the land he bargained for, and this money he ought not to lose. This result is forbidden by equity and good conscience. The estate has this money, or it has been used for its benefit. The title to the land which John Stults bargained for is still in the heirs of the decedent, and there is no necessity for resorting to proceedings to compel creditors to refund. That probably could not be done, as there is no warranty of title. The land, however, may still be made assets, if there is a deficiency of personal property. Under these circumstances, we think the appellants ought not to be sent from the courts without relief, and the only debatable question that can arise is as to the nature of the relief to be awarded. There is a clear equitable right to the money paid by their ancestor. Where there is a right there is a remedy, and there is one here. Where there is a clear equitable claim on land the claimant will not be turned away remediless. There is such a thing as a vendee's lien, and the appellants are entitled to it. This lien is the creation of courts of equity, and is a beneficent and just one. *Jones* v. *French,* 92 Ind. 138; *Seller* v. *Lingerman,* 24 Ind. 264; 1 Pomeroy Eq. Juris., section 167; 3 *Id.,* 1263; 2 Story Eq. Juris., 1231; Overton Liens, 694.

The equities of a vendee who pays money on a contract of sale are as strong as those of a vendor who does not receive

full payment for the land he sells.    The principle which applies in such cases is closely analogous to the principle of subrogation.    *Lowrey* v. *Byers,* 80 Ind. 443; *Stout* v. *Duncan,* 87 Ind. 383; *Dunning* v. *Seward,* 90 Ind. 63; *Short* v. *Sears,* 93 Ind. 505; *Curtis* v. *Gooding,* 99 Ind. 45.

We have no doubt that the appellants are entitled to the equitable lien of a vendee, but we are not so clear that their petition proceeds on this theory.    Our conclusion is that it does not, for there is no averment that there was any denial of the lien, nor is there any allegation that the appellee refuses to make sale of the land; on the contrary, the entire frame of the petition indicates that the claim which the appellants assert is a title to the land sold under the order obtained by John Stults.    On this theory the petition is not good, and it must fall.    *Mescall* v. *Tully,* 91 Ind. 96, and cases cited; *Green* v. *Groves,* 109 Ind. 519, and cases cited; *First Nat'l Bank* v. *Root,* 107 Ind. 224.

The case is not that of a petition presenting a cause of action entitling the petitioner to some relief, but that of a petition claiming a relief of an entirely different character from that which the general scope of the pleading entitles the petitioner to receive.    It is like the case of an absolute claim of title where there is nothing but a plain mortgage.

Upon a petition showing the same facts as those stated in the one before us, and showing, in addition, a denial of the lien and a refusal to enforce it, the appellants would make a *prima facie* case entitling them to an order directing the appellee to sell the land.    That, however, is not what they do here, for here they assert a title to the land upon the sale, which had been adjudged invalid.    If that sale was not valid, of course title could not be founded on it, although out of it might arise a vendee's lien.    But it is not a sale to enforce that lien that is here demanded; on the contrary, the demand is that the title be put in the appellants without a second sale.

The case is not at all like *Voorhees* v. *U. S. Bank,* 10 Peters,

449, for there the validity of the sale was not questioned; that was conceded, and the only controversy was as to the authority to execute a deed to a person other than the original purchaser.

We have no doubt that a court having jurisdiction of a matter in which a judicial sale is ordered may require a deed to be executed to the person entitled to it. Rorer Judicial Sales, section 438. But that rule can not be of force where, as here, the sale upon which a deed is demanded has been conclusively adjudged invalid.

Judgment affirmed.

