## AIRY et al. v. THOMPSON et al.

No. 22401.  Opinion Filed Dec. 22, 1931.

Milam M. King, Co. Atty., and C. A. Ambrister, for plaintiffs in error.

Claude A. Niles and Charles R. Freeman, for defendants in error.

McNEILL, J. This is an action, in equity, brought in the district court of McIntosh county, by plaintiffs, as taxpayers of said county, against Mrs. P. G. Airy, to cancel a certain deed issued to her by the chairman of the board of county commissioners of said county. The parties will be referred to as they appeared in the trial court. Plaintiffs attack the procedure of the board of county commissioners of said county in its attempt to sell certain property of said county under section 9745, C. O. S. 1921, and charge that said board attempted to dispose of said property, which belonged to

said county, in a way different from that provided by law, in that when the board sold the same to said Mrs. Airy no notice was given as required by law and that the board also failed to comply with the statutes in regard to such sale. Plaintiffs also allege that the bid of said defendant, to wit, the sum of $562, being the consideration paid by said defendant for said deed, is grossly inadequate, and that plaintiffs and others are willing and able to increase said bid by a substantial amount.

The defendant, Mrs. P. G. Airy, filed an answer by way of general denial, and further alleged that plaintiffs had no beneficial interest in the property in controversy, and had no right either legally or equitably to maintain said cause of action. For further answer, said defendant alleged that she purchased the premises in question for a good and valuable consideration, being the highest and best bidder therefor, and that she paid therefor the sum in excess of what any person present offered for said property; that the amount so paid was received and placed to the credit of McIntosh county, and that said county, having accepted the same, is estopped to deny the validity of said deed. Said defendant made further allegations in said answer in reference to two causes of action instituted in said district court wherein said defendant, Mrs. Airy, recovered judgment therein decreeing title in her to the premises in question, and that by reason thereof said judgments have become final and conclusive and that the issues involved herein have become res adjudicata.

The defendant board of county commissioners filed a similar answer.

From the record it appears that the board of county commissioners acquired its title to the property involved herein by virtue of a resale tax deed from the state of Oklahoma, by the county treasurer of said county, which deed was dated May 2, 1930. The deed of defendant, Mrs. Airy, is dated May 21, 1930. On the 12th day of May, 1930, E. F. Saltsman made a bid to the county treasurer of said county and offered to purchase from said county the premises in question. This bid was advertised in the Indian Journal at Eufaula, Okla., a weekly newspaper of said county, on Thursday, May 15, 1930, for the hearing of said bid on the 19th of May, 1930. On the day of said hearing the commissioners refused to accept the bid of said Saltsman and accepted the bid of Mrs. P. G. Airy, and thereafter caused to be executed a deed to said Mrs.

Airy. The bid of Mrs. Airy was never advertised. The facts are not in controversy.

The trial court found that said deed was void and of no force and effect for the reason that said property was not sold in compliance with the statutes in regard to the sale of property purchased by the county at resale tax sales; that the plaintiffs were proper parties to institute the action; that the question of res adjudicata did not apply; that McIntosh county and any one claiming under it, although having accepted the purchase price of said property, was not estopped from denying that said deed was void, without tendering the purchase price of said property; that it was not necessary for the maintenance of said action that a tender of the purchase price should be made at or prior to the institution of the suit; and ordered the deed canceled, set aside, and held for naught.

As we view this record the real controversy rests upon the question of whether the deed executed by the board of county commissioners to Mrs. Airy is void. Section 9745, C. O. S. 1921, provides the manner and method of procedure relative to the sale of property acquired by the county at resale, a portion of said section being as follows:

"And then in case there be no other bidder for any real estate so offered for sale, the county treasurer shall bid off the same in the name of the county for the amount of taxes, penalty and costs due thereon and shall issue deed therefor in the name of the chairman of the board of county commissioners and his successors in office for the use and benefit of the county, and thereafter said property shall be exempt from assessment for ad valorem taxes so long as title is held for the county. * * * Any property acquired by the county under the provisions of this section may be sold by the treasurer at such price as may after notice by publication be approved by the board of county commissioners. Said notice of publication shall be given by the treasurer in the official county paper or some paper designated by the board of county commissioners and shall embrace a description of the property, the price and to whom proposed to be sold, and stating that he will on a given date to be stated in the notice apply to the board of county commissioners for its approval of said sale and for an order directing that deed for said property be executed by the chairman of said board."

The only notice relative to the sale in question was published in the Eufaula Indian Journal, a weekly newspaper, on May 15, 1930, advertising the bid of E. F. Salts-

man, to be heard on May 19th, four days from the date of the publication, and being as follows:

"Notice of sale of Real Estate by County Treasurer. Notice is hereby given that at 9 o'clock a. m., on Monday the 19th day of May, 1930, application will be made to the board of county commissioners of McIntosh county, state of Oklahoma, for approval of sale of real estate heretofore purchased for McIntosh county at resale and for an order directing execution of deeds conveying same by the chairman of said board, the proposed purchaser, the description of real estate to be sold, and the price thereof, being as follows:

"Name of purchase,  E. F. Saltsman
"Description:
"Lot 18, Block 69  $250.00
"Lot 5, Block 97  25.00
"of the town of Checotah.
"[Signed]  County Treasurer."

It is to be observed that the statute provides that any property acquired by the county may be sold by the treasurer after notice by publication, which notice shall embrace a description of the property, the price, to whom proposed to be sold, and the date on which the county treasurer will make application to the board of county commissioners for its approval of said sale. The notice in question published by the county treasurer described the specific property for sale at a definite price; the name of the proposed purchaser; and the date of application to the board of county commissioners for approval of said sale; and for an order directing the execution of a deed conveying the same by the chairman of said board.

No publication notice was ever given of any proposed sale to Mrs. Airy, and the notice which was given in the case at bar is not such notice as is contemplated by the statute. The same was void, and all subsequent acts based thereon by the county treasurer and the county commissioners are likewise void. The statute authorizing the alienation of property by the county must be complied with. 15 C. J. 538, announced the correct rule, as

"The power which the county possesses to alienate its property must not only be exercised by the proper officers, but where the mode is prescribed, the same must be followed or a conveyance of such property will be void."

The grant of powers to board of county commissioners must be strictly construed. Allen v. Commissioners of Pittsburg County, 28 Okla. 773, 116 P. 175.

The board of county commissioners re-

jected the county treasurer's application, and at the same hearing accepted another proposal made by Mrs. Airy, the defendant herein, for $562, and ordered the chairman to execute to her a deed. No notice was ever published as to her proposed purchase, either prior or subsequent to the execution of said deed. The board of county commissioners could not ignore the plain provisions of section 9745, supra. Before said board could lawfully approve a sale and direct the execution of a deed, it was necessary that the county treasurer substantially comply with aforesaid provision of the statute.

Counsel for defendants also urge that plaintiffs have no personal interest in the property, and have no right, either legal or equitable, to maintain the action, without having made a written demand on the county attorney and he having refused. This is an equitable action, and our court in the case of Kellogg v. School District, 13 Okla. 285, 74 P. 110, has held that taxpayers may institute an equitable action to prevent an illegal disposition of the money of the municipality, or the illegal creation of a debt, which they in common with the other property owners may otherwise be compelled to pay, or to restrain the perpetration of official wrongs when the officers of municipal corporations assume in excess of their powers to create burdens upon property holders. This case has often been cited with approval by this court.

Counsel for defendants also urge that the court erred in failing to sustain defendants' demurrer to plaintiffs' petition because plaintiffs failed to tender the purchase price paid for the lots and because of that fact plaintiffs were estopped to deny the validity of Mrs. Airy's deed.

We are of the opinion that the rule set forth in 15 Corpus Juris, on page 541, is applicable to the case at bar, which is as follows:

"All persons dealing with officers or agents of counties are bound to ascertain the limits of their authority or power as fixed by the statutory or organic law and are chargeable with knowledge of such limits. No estoppel can be created by the acts of such agent or officers in excess of their statutory or constitutional powers."

In the case of Allen v. Commissioners of Pittsburg County, 28 Okla. 773, 116 P. 175, this court said:

"It is a settled rule that the grant of powers to boards of county commissioners must be strictly construed, because when acting under special authority they must act strict-

ly on the conditions under which the authority is given; that they can exercise only such powers as are especially granted, or as are incidentally necessary for the purpose of carrying into effect such powers; and where the law prescribes the mode which they must pursue in the exercise of such powers it, as a rule, excludes all other modes of procedure."

See, also, Wiegel v. Pulaski County, 61 Ark. 74, 32 S. W. 116; Osborne v. King County, 76 Wash. 277, 136 Pac. 138.

In view of our interpretation of the statutory notice given herein and in holding the deed in question is void, a further discussion of the contentions of defendants is unnecessary.

The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. CLARK, V. C. J., and HEFNER, J., absent.