## STRANGE v. BOARD OF COM'RS OF CHOCTAW COUNTY et al.

No. 20989. Opinion, Filed July 12, 1932.

I. L. Strange, pro se.

O. A. Brewer and Dan Welch, for defendants in error.

HEFNER, J. This is an injunction proceeding originally brought in the district court of Choctaw county by I. L. Strange against the board of county commissioners of that county to enjoin it from issuing a tax deed to lot 4, block 10, Frisco addition to the city of Hugo, to Ben Dean and G. W. Wallace. Trial was to the court, and resulted in judgment in favor of defendants on demurrer to the petition of plaintiff. Plaintiff asserts that the judgment is contrary to law.

It is alleged in the petition that the lot in question was sold for taxes at a delinquent tax sale and was bid in by the county; that thereafter, and in 1929, the lot was sold at resale and bid in by the county treasurer and a deed executed by him to the chairman of the board of county commissioners. No one at such sale offered to purchase the lot for the taxes and penalties then assessed against it. Plaintiff thereafter offered the treasurer $75 for the lot. Notice by publication was given by him of such offer, as provided by section 9745, C. O. S. 1921, as amended by chapter 158, S. L. 1923. Pursuant to such notice, Ben Dean and G. W. Wallace appeared before the board of county commissioners and offered $80 for the lot, which offer was by it accepted and tax deed issued to them. The offer of plaintiff was rejected.

It is the contention of plaintiff that the board of county commissioners had no authority, under section 9745, supra, as amended, to accept additional bids for the lot;

that it was its duty to either accept or reject the sale to plaintiff; that, in the event such sale were rejected, before a new sale could be approved, it was necessary for new notice by publication to be given of such sale. With this contention we agree. The sale was governed by section 9745, supra, as amended by chapter 158, S. L. 1923, which provides that, in the event no one offers to purchase the land at a tax resale for an amount equal to the taxes then assessed against it, the premises shall be bid in by the county treasurer and a deed executed to the chairman of the board of county commissioners. It further provides:

"* * * Any property acquired by the county under the provisions of this section may be sold by the treasurer at such price as may after notice by publication be approved by the board of county commissioners. Said notice of publication shall be given by the treasurer in the official county paper and shall embrace a description of the property, the price, and to whom proposed to be sold, and stating that he will on a given date to be stated in the notice apply to the board of county commissioners for its approval of said sale and for an order directing that deed for said property be executed by the chairman of said board. * * *"

The language of the statute seems to be plain and unambiguous. It provides that, in the event of a sale of the land by the county treasurer, after it is deeded to the chairman of the board of county commissioners, the treasurer shall give notice of such offer by publication, in which it shall be recited the price offered therefor and the name of the proposed purchaser. It is then made the duty of the county commissioners to either approve or reject such sale. There is no provision in the statute authorizing the board to receive bids for the sale of the land. A tax deed can only be issued to the person named in the notice. We think, under the provisions of this statute, where the board of county commissioners rejects the sale as advertised, a new sale must be made and a new notice by publication must be given and the sale approved by the board, before a tax deed to the premises can be issued.

In Airy v. Thompson, 154 Okla. 1, 6 P. (2d) 445, this court said:

"Section 9745, C. O. S. 1921, as amended by Laws 1929, sec. 2, c. 282, governs the sale of real estate acquired by a county at a resale, and with reference to the notice of sale provides that: 'Said notice by publication shall be given by the treasurer in the official county paper * * * designated by the board of county commissioners and shall embrace a description of the property, the price, and to whom proposed to be sold, and stating that he will, on a given date, * * * apply to the board of county commissioners for its approval. * * * Held, that a sale made to any one whose name is not embraced in such notice is void."

While the sale in the instant case was consummated prior to the effective date of the 1929 amendment, in so far as the question raised in this lawsuit is concerned, there is no difference in the law before and after the amendment.

Under the authority of the Airy Case, supra, the petition stated a cause of action, and the court erred in sustaining a demurrer thereto.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., and McNEILL, J., absent.