### G. A. NICHOLS, Inc., v. WATSON et ux.

No. 24909, Nov. 20, 1934.

Withdrawn, Corrected, and Refiled Dec. 22, 1934.

Shirk, Danner & Phelps, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson, and Harry D. Turner, for defendants in error.

BAYLESS, J. G. A. Nichols, Inc., hereinafter referred to as plaintiff, instituted an action in the district court of Oklahoma county, Okla., against Burton L. Watson et ux., hereinafter called defendants, to cancel a contract for the sale of real estate and for the foreclosure of the statutory vendor's lien; to which action on the part of the plaintiff, the defendant, Watson, cross-petitioned, acquiescing in the cancellation of the contract, but seeking to recover certain money paid under the contract and expended on the property for improvements. From a judgment in favor of the defendant on the cross-petition, the plaintiff appeals.

There is but one question involved in this appeal and that is one of law as to whether the trial court correctly accorded the judgment in favor of the defendant the status of a preferred lien over the statutory vendor's lien found in favor of the plaintiff. It would serve no good purpose to analyze the pleadings or state the evidence in this case. It is sufficient to say that the parties entered into a written executory contract which was not performed according to its terms by either

of the parties, although it appears that the plaintiff was the first party to the contract to disclose an inability to perform within time. The defendants entered into possession of the property, made certain payments upon the agreed purchase price, and expended certain money in improving the property. The plaintiff specifically expressed to the court that it did not seek a personal judgment against the defendants, but merely the establishment of the amount of unpaid balance of the purchase as a statutory vendor's lien against the property, and stated that it would seek satisfaction against the property only. The trial court found the issues generally in favor of the plaintiff and against the defendant, but this finding is not in keeping with the weight of the evidence and is in conflict with some of the other findings in the judgment and decretal part of the judgment.

The trial court found the amount due and unpaid upon the purchase price and decreed it to be a statutory vendor's lien to that extent. The trial court heard the evidence of the defendants concerning the amount of money which they paid upon the purchase price for the property and expended in the improvement of the property and from such evidence found that the defendants were entitled to have returned to them $270, which the trial court decreed to be a lien upon the property, paramount and superior to the statutory lien of the plaintiff. The defendants do not complain by cross-appeal of the amount of their award. The plaintiff does not complain of the amount of the award, but only of the precedence accorded it as a lien.

This action was begun as an action in equity for the cancellation of the contract and the foreclosure of the statutory vendor's lien. Much argument is indulged by the parties as to who of them first elected to rescind and cancel the contract, and many authorities are cited concerning rescission and cancellation. It does not need the citation of authorities that a court of equity can do complete relief between the parties in a situation of this kind. The defendants, while not resisting the plaintiff's action to recover title to and legal possession of the land, did resist the contention that they were guilty of any act which entitled the plaintiff to all of the relief which it sought without having to repay to the defendants any money or benefits received. In other words, the defendants were defending against the contention that they were such wrongdoers as

would preclude the court from awarding them any relief in the matter. In our opinion the evidence introduced in this matter was wholly sufficient to support this contention, and the trial court must have been of this opinion when it found the amount of money to which the defendants were entitled to have returned and decreed the superior lien in their favor. It is said in Black on Rescission and Cancellation (2d Ed.) vol. 3, sec. 694, p. 1651, as follows:

"Under this rule, when a contract for the sale of land or conveyance of it is set aside, whether at the suit of the vendor or the vendee, if the latter has paid the purchase money or any considerable part of it, he is entitled to have it returned to him, and if the circumstances of the case seem to require it, the court may award him a lien on the land for the amount of such purchase money, or decree that the land shall stand as security for its repayment. And there may be included in the amount secured by such lien the purchaser's claim for valuable improvements placed by him upon the land in good faith, and his claim for money expended in the care and preservation of the property and in making necessary repair. * * *"

It is our opinion that the statutory lien claimed by the plaintiff under section 7427, C. O. S. 1921 (sec. 10961, O. S. 1931), was properly decreed to it, but we are unable to agree with plaintiff's contention that the meaning of the statute is that such lien shall be paramount and superior to any and all other liens. A court of equity has the power to adjust the equities between the parties arising under a contract for the sale of real estate and to award liens and precedence accordingly, and under the facts in this case we are of the opinion that the trial court committed no error when it decreed the defendants' judgment lien to be paramount and superior to the statutory vendor's lien of the plaintiff.

The plaintiff, in arguing the precedence of the liens, argues that at most defendants were only entitled to have judgment for whatever amount should be found, and that this should be credited upon the amount found to be due to plaintiff. This argument overlooks the fact that plaintiff sought no personal judgment against defendants and received none, whereas the defendants sought and were granted a personal judgment against plaintiff, as well as a lien upon the land. Their judgments were not of like quality. See 34 C. J. p. 706, sec. 1087, as to judgments which may be offset, and their necessary elements.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BUSBY, and WELCH, JJ., concur. ANDREWS and OSBORN, JJ., absent.