## SCHUMAN v. BOARD OF COUNTY COM'RS OF MUSKOGEE COUNTY.

No. 28055.     Feb. 7, 1939.

Fred W. Martin, for plaintiff in error.

A. Camp Bonds, Co. Atty., for defendant in error.

HURST, J. Mattie E. Friar brought an action to quiet title to certain property, including that involved herein. Schuman and Muskogee county, between whom this controversy arises, were made parties defendant. The county filed an answer and cross-petition alleging that it had never divested itself of the property and asked that its title thereto be quieted. Schuman filed a reply to the county's answer and cross-

petition stating that the county had divested itself of title to the 40 acres involved herein to him by deed, and further that the county is not entitled to equitable relief, since it did not tender into court for the use and benefit of Schuman the sum of money paid by him to the county for said deed. The trial court rendered judgment quieting title to the premises in Muskogee county, and Schuman appeals. Mattie E. Friar is not involved in this appeal.

The 40 acres in controversy was acquired by the county upon a resale for delinquent taxes in April, 1926. Thereafter, on September 22, 1926, the board of county commissioners executed a deed conveying the premises to 'Schuman, and it is this deed which the trial court held to be void.

■ Schuman first contends that, assuming the deed to be void, Muskogee county, by coming into a court of equity, is required to do equity, and it cannot maintain an action to cancel the tax deed and retain the consideration received therefor. It is contended that the cross-petition of the county should have been dismissed for the reason that it did not come into equity with clean hands and it asked equity without offering to do equity.

This question has never before been presented to this court. The cases relied on, by the county (Schuman v. Board of County Com'rs of McIntosh County (1933) 163 Okla. 118, 21 P.2d 40, and Sinclair Prairie Pipe Line Co. v. Excise Board of Tulsa County (1935) 173 Okla. 375, 49 P.2d 114), concern actions by the holders of invalid tax deeds seeking refunds and are inapplicable to the present situation wherein the county is the actor seeking affirmative relief in equity. Moreover, the deed involved in the instant case is not a resale tax deed, but a commissioner's deed, where the county retains all the purchase money received therefor, and thus the reasons for denying a refund expressed in the 'Schuman Case are not pertinent here. Although Airy v. Thompson (1931) 154 Okla. 1, 6 P.2d 445, involves a commissioner's deed, the case is not applicable here, for the question there was whether the statute required a tender by plaintiffs, who were certain taxpayers suing to cancel the deed.

In support of his contention, Schuman cites cases to establish the equitable rule that he who comes into equity must do equity and to show that the general principle is applicable to the county. The case of United States v. White (1883) 17 Fed. 561, is also cited. There the circuit court held that the United States is subject to the same rules as a private suitor in equity and it cannot demand the return of land and retain the consideration paid therefor. However, the Supreme Court of the United States in the case of Causey v. United States (1916) 240 U. S. 399, 36 S. Ct. 365, under similar facts, held contrary to the White Case. The Causey Case was a suit in equity brought by the United States to recover title to public lands conveyed to defendant under the homestead laws. The patent was obtained by fraud, as in the White Case. Defendant had paid the United States for the land and he insisted that because the United States did not offer to return the consideration in its complaint, the suit could not be maintained. The court pointed out that the government, in disposing of its public lands, does not assume the attitude of a mere seller of real estate at its market value, but that the lands are held in trust for all the people to be distributed in pursuance of a public policy looking to their settlement as homesteads, and to require a tender by the government in suits to annul such sales would tend to frustrate the public policy. See, also, Pan-American Petroleum & Transport Co. v. United States (1927) 273 U. S. 456, 47 S. Ct. 416.

The principle is applicable here. The land purchased by the county at tax resale is public property held in trust for all the people, and its disposal is also a matter of public interest. The Legislature provided a method of disposing of such property that was designed to bring as much for the land as possible at commissioner's sale. And when an action is brought to cancel a deed obtained in violation of this procedure, the purpose is not merely to regain the title but also to enforce a public statute and maintain the policy underlying it. To apply the rule invoked by Schuman here would tend to frustrate the policy of the statute regulating the sale of such land. A county cannot expend its funds except pursuant to an appropriation authorized by law. There is nothing in the record to show that there is such an appropriation, and were we to require a tender by the county, its inability to immediately comply would further frustrate the effort of the county to enforce the legislative declaration of public policy with reference to the sale of property acquired by the county at resale.

We conclude that the trial court did not err in refusing to dismiss the county's cross-petition for failure to tender the consideration received for the property.

■ We come then to the question of

whether the trial court erred in holding the deed to be void. So far as material here, the deed recites as follows:

"Whereas, I. A. Shuman, Morris Shuman and Max B. Andreae did on the 14th day of September, 1926, make to the County Treasurer of said County an offer to purchase from the County the tract, parcel or lot of land hereinafter described; and * * *

"Whereas, on the 22nd day of September, 1926, the date set for approval of said sale, Morris Shuman, raised said bid to the sum of $60.00. This being the highest and best bid for said property and there being no further bidders, said property was sold and struck off to the said Morris Shuman, for the sum of $60.00."

The sale of this property was consummated at the time section 9745, C. O. S. 1921, as amended by chapter 158, S. L. 1923, was in force. Said statute, as amended, was construed in Strange v. Board of Com'rs of Choctaw County (1932) 158 Okla. 172, 13 P.2d 109, and it was held therein that where the county treasurer gave notice of a proposed sale, the board of county commissioners was without authority to receive additional bids ·pursuant to such notice and execute a deed to the highest bidder.

Here the recitals in the deed show that the proposed sale to I. Schuman, Morris Schuman, and Max B. Andreae was advertised; that Morris Schuman raised the bid on the day set for the approval of the sale, and without further advertisement, the commissioners executed a deed to him. This procedure is violative of the governing statute as construed in the Strange Case, and the deed is therefore void on its face.

■ Schuman's next contention is that the deed, although invalid, nevertheless constitutes an equitable assignment of the tax lien of the county and the court erred in quieting title in the county without making it subject to said lien. But there could be no equitable assignment of the "tax lien" of the county, as contended, since there was no such lien in the county. The purchase by the county of the property at resale canceled all taxes and consequently any lien therefor on the land. Section 12756, O. S. 1931 (68 Okla. St. Ann. sec. 415).

■ Although the county cannot be required to tender the purchase money received from Schuman as a condition precedent to its right to maintain this action, for the reasons above stated, yet the question arises, Can the court in rendering a decree give Schuman any relief? A court of equity will administer complete relief and do entire justice between the parties with respect to the subject matter. Thacher v. International Supply Co. (1936) 176 Okla. 14, 54 P.2d 376; 21 C. J. 137. It is not contended that Schuman was guilty of fraud or bad faith in the transaction. It was not Schuman's fault that the deed is void. The fault lies in the failure of the public officers to readvertise the sale. Therefore, in equity, Schuman is manifestly entitled to the return of the money he paid as the purchase price for the deed. Under these circumstances, we think he ought not be sent from the courts without relief, and the only serious question is as to the nature of the relief that may be awarded. It is a general rule that the vendee in an executory contract for the sale of real estate is entitled to an equitable lien upon the land for the amount he has paid upon the purchase price, where the contract fails through some fault of the vendor and the vendee is not in default. 45 A. L. R. 352. This rule has the almost unanimous support of the text writers (2 Sugden on Vendors, 378; 3 Pomeroy, Equity Jurisprudence, sec. 1263; 3 Tiffany, Real Property, sec. 667; 2 Story, Eq. Jur. 1231; 3 Black on Rescission and Cancellation, sec. 385; 66 C. J. 1495, et seq.; 27 R. C. L. 628-629), and is followed with a few variations in practically every jurisdiction of the United States and England. The lien given is designated a "vendee's lien." In this jurisdiction it is authorized by statute. Section 10965, O. S. 1931 (42 Okla. St. Ann. sec. 30), provides:

"One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back in case of a failure of consideration."

However, the vendee's lien has been granted in this jurisdiction both under authority of this statute and under the traditional equity principle without reference to the statute. Groves v. Stouder (1916) 58 Okla. 744, 161 P. 239: McAllister v. Clark (1923) 91 Okla. 205, 217 P. 178; Cox v. Fowler (1934) 169 Okla. 355, 37 P.2d 291.; G. A. Nichols, Inc., v. Watson (1934) 170 Okla. 152, 37 P.2d 943.

It has been granted in actions for rescission by the grantor as well as by the grantee. G. A. Nichols, Inc., v. Watson, supra. It is generally said that the basis of the lien is the fundamental rule that in equity what is agreed to be done is regarded as done; so that, from the time a

contract is made for the purchase of real estate, the vendor is, in a sense, a trustee for the purchaser, and the purchaser in a sense is the real owner of the land, so that each, under the ordinary equitable rules, has a lien for his protection. The theory is that the parties are under equitable obligations to each other.

But the lien is not based solely upon the contract of purchase, for it has been allowed where the contract was wholly unenforceable on account of the statute of frauds. Clough v. Clough (1842) 42 Ky. 64. The real basis of the vendee's claim is essentially quasi-contractual and the lien is merely a remedial device to guarantee, so far as possible, a restoration of the status quo. It is therefore immaterial that the purchaser of the county commissioner's deed in question cannot maintain an action for the refund of his purchase money because of lack of statutory authority. Neither is the objection regarding the absence of an appropriation applicable to the creation of the vendee's lien, for it merely attaches to the land returned to the county and no expenditure of money by the county is necessary.

The only remaining question would appear to be whether the vendee's lien can be granted in the case of an executed contract, like the present case where the vendee pays the full purchase price therefor and is given a void deed of conveyance, as well as in cases of executory contracts. The courts have found no difficulty in applying the rule to judicial sales. Where an administrator's sale or a sheriff's sale is declared void and is set aside, the vendee is granted a lien upon the land for the purchase price which he paid in full. Stults v. Brown (1887, Ind.) 14 N. E. 230; Seller v. Lingerman (1865) 24 Ind. 264; Jones v. French (1883) 92 Ind. 138. While we find no specific cases granting a lien against a county or other municipality, nevertheless we think the foregoing rules based upon equitable principles are equally applicable to the county under the circumstances of this case. To hold otherwise would be to work an unjust enrichment to the county. Therefore, we think there is ample authority to grant Schuman a vendee's lien on the land in question to secure the amount he expended as the purchase price therefor and to the return of which, in equity, he is clearly entitled. There is no question of offsetting equities arising out of use and occupation. Nor is there any doubt that the county has clear title to the premises and received and retained the full pur-

chase price therefor. Schuman may, if he desires, recast his pleadings to seek the enforcement and foreclosure of the vendee's lien.

The cause is remanded to the trial court to proceed not inconsistently with the views herein expressed.

BAYLESS, C. J., and RILEY, GIBSON, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and OSBORN and CORN, JJ., absent.