SCHUMAN et al. v. JONES.

No. 30101. Nov. 10, 1942.

Rehearing Denied Feb. 9, 1943.

*133 P. 2d 747.*

Fred W. Martin, of Wagoner, for plaintiffs in error.

W. H. Kisner, of Tahlequah, for defendant in error.

CORN, V. C. J. This is an action to quiet title to 120 acres of land in Cherokee county, wherein J. T. Jones is plaintiff and I. A. Schuman, Morris Schuman, and numerous other parties, including the known and unknown heirs, executors, administrators, devisees, trustees and assigns, immediate or remote, of Joe Hilderbrand, deceased, and Maggie Hilderbrand, deceased, are defendants. Judgment was for the plaintiff quieting his title as against all the defendants, and the defendants Schuman appeal.

A brief history of the title, involving tax deeds, is as follows:

Cherokee county acquired title to the land at tax resale, and on November 3, 1925, conveyed the same to the Schumans by county commissioners' deed, and again placed the land upon the tax rolls of the county. The Schumans allowed the taxes on the property to become delinquent, and in fact never paid any taxes subsequently assessed against it. Thereafter, the plaintiff, J. T. Jones, purchased assignments of tax sale certificates on said land and procured a certificate deed upon same, and also procured quitclaim deeds from the heirs of Joe Hilderbrand and Maggie Hilderbrand, deceased; and on July 23, 1937, commenced his action to quiet title, which aimed at barring all record claimants to the title, including the Schumans' claim under their commissioners' deed. Numerous pleadings were filed, but as the pleadings stood at the time of the trial the Schumans admitted their deed to be void because of irregularity in the proceedings upon which the deed was issued, but prayed for a lien upon the premises for the purchase price, interest, costs and attorney's fee, and for foreclosure of same. Various other issues, inconsistent with the vendee's lien theory relied upon in this appeal, were raised in the pleadings, but none of these require discussion herein. Upon trial of the case the court rendered judgment barring all claims of the Schumans, and quieting title in the plaintiff.

The plaintiffs in error, Schumans, contended they have the right, as purchaser of a void commissioners' deed, to a lien for the amount paid therefor, with interest, attorney's fees and costs, and for foreclosure of the lien. Schuman v. Board of County Com'rs of Muskogee County, 184 Okla. 339, 87 P. 2d 151, is cited in support of the proposition.

Defendant in error, J. T. Jones, contends that where the purchaser of a void commissioners' deed is guilty of laches, allows the land to be reassessed, the taxes accumulate and become delinquent over a period of years, and a third party in good faith secures tax sale certificates and tax deed, such pur-

chaser is not entitled to the vendee's lien, as was held in Schuman v. Board of Com'rs, supra.

In the above-cited case, Schuman purchased property from the county by a commissioners' deed, and thereafter the county sued in equity to cancel such deed, and it was held void because of the insufficiency of the sale proceedings, and said purchaser, having no other remedy, and having acted in good faith, was decreed a vendee's lien on the property involved to the extent of the money expended for its purchase, with interest, costs and attorney's fees.

It will be noted that an entirely different situation obtains in the instant case. This action is not one between the vendor and the vendee, but is one between a third party, who holds a subsequent tax deed, and a party claiming under a commissioners' deed whose title has been extinguished by such tax deed.

A valid tax deed extinguishes title of the delinquent record owner, and as we view this case, the Schumans occupy the same position as any other delinquent taxpayer; and, having allowed the property to sell at tax resale, they are no more entitled to recover their investment in the property than they would have been had their deed been valid.

The judgment of the trial court is affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., concurs in conclusion.