PETE GREEN AND NORMA GREEN, HUSBAND AND WIFE, ET AL., APPELLANTS, *v.* J. R. HENDERSON AND L. GLENN SWITZER, COPARTNERS DOING BUSINESS UNDER THE NAME OF LAS VEGAS BUILDING MATERIALS, RESPONDENT.

No. 3574

August 16, 1949.                208 P.2d 1058.

*George E. Marshall,* of Las Vegas, for Appellants.

*G. William Coulthard and Milton W. Keefer,* both of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, J.:

The parties will be referred to as in the court below.

Plaintiffs obtained a lien foreclosure judgment for a balance due for labor and materials in the construction of a building by plaintiffs' assignor, Paul Wagner, for defendants, at Las Vegas, Nevada. Defendants have appealed from the judgment and from the order denying a new trial. The sole issue, as made by the pleadings and as defined by statements of counsel to the trial court and in the briefs to this court, was whether (a) the contract was for the construction of the building for the cost of labor and materials plus 20%, or (b) for the construction of the building for an agreed price of $7,000. The judgment, based upon the court's findings, adopted the plaintiff's theory of a cost plus contract and rejected defendants' theory of a fixed amount contract and found a balance due plaintiffs in the sum of $1,223.03, with interest, costs and $250 attorney fee, aggregating $1,-633.82, adjudged a lien upon the property and ordered a foreclosure sale in the usual manner.

Our task is lightened by the repeated statements of both parties that the nature of the contract was the only issue before the trial court. While appellants assert that the decision is against law and that errors occurred in the trial, their main reliance is upon the insufficiency of the evidence to justify the decision, and that their motion for new trial on such ground should have been granted.

■ Respondents rely upon the well recognized rule that the findings of the trial court will be sustained if there is any substantial evidence in the record supporting them, citing Friendly v. Larsen, 62 Nev. 135, 133 P.2d 747, also a lien foreclosure case, which in turn cites some fifteen decisions of this court in support thereof. Respondents also refer to the recent case of Canepa v.

Durham, 65 Nev. 428, 198 P.2d 290, which again adheres to this rule. Appellants recognize the rule but assert "that there is not one scintilla of evidence to support plaintiffs' claim that the contract was upon a cost plus formula," and rely upon the rule that if there is *no* evidence to support the judgment the same may be reversed by this court.

Mr. Wagner, plaintiffs' assignor, testified that he entered into negotiations with defendants for the construction of the building on a cost plus basis; that there was an agreement between the parties as to the way in which Wagner was to be compensated for the construction; that the labor and material were to be paid for and that in addition he was to get 20%; that for this percentage he furnished a Dodge truck, two hand-powered saws, a drilling table saw, a two-sack mixer and other equipment; that he also furnished a bookkeeper for keeping the books; that the 20% also covered state compensation insurance, public liability insurance and Wagner's superintendence of the job and that the balance of the 20% would be the contractor's profit. If the trial court believed the testimony of this witness, as it apparently did, such testimony gives ample support to the findings and judgment. McNee v. McNee, 49 Nev. 90, 237 P. 534, 537. It is true that Mr. Green denied this contract, and asserted that Mr. Wagner agreed to build the structure for $7,000. He points to Wagner's application for city building permit and for Civilian Production Administration permit in both of which the cost of the proposed project was recited as $7,000. The trial court apparently considered this figure simply as an estimate, which is supported by the fact that the plans and specifications had not been completed at the time. The record contains other evidence adduced in support of the respective contentions of the parties, but we do not find it necessary to discuss the same.

■■ Appellants further assign as error the ruling of the trial court permitting the plaintiffs to introduce evidence of the prevailing custom in the vicinity at the

time to enter into all building contracts on a cost plus basis by reason of conditions then prevailing. It is true that no such custom is pleaded and it is also true that plaintiffs must recover, if at all, upon the contract between their assignor and the defendants. The trial court apparently permitted the testimony as to this custom as merely incidental and perhaps as lending reasonableness and probability to Wagner's testimony. 25 C.J.S., Customs and Usages, sec. 32 a, page 125, n. 11. We do not consider the assignment at greater length as, without the evidence of custom, there was ample competent, material evidence to support the finding, and we may assume that the trial court relied on such evidence.

The judgment and the order denying defendants' motion for new trial are affirmed with costs.

HORSEY, C. J., and EATHER, J., concur.