**ELLISON et al. v. HODGES et al.**

No. 9295—Opinion Filed Aug. 27, 1918.

(174 Pac. 1089.)

(Syllabus.)

**1. Judgment—"Res Judicata."**

In order to constitute a good plea for res judicata, the following elements should be apparent: First, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and to the issues between them—and where these elements are clearly apparent the plea should be granted.

**2. Schools and School Districts — Consolidation—Validity — Procedure— "Public Proceeding."**

A suit brought against a consolidated school district in the name of one of several school districts comprising the territory out of which said consolidated school district was formed, for the purpose of testing the validity of the organization of said consolidated school district and the validity of an election at which bonds were voted to erect a schoolhouse in said consolidated district, is in the nature of a public proceeding, and the courts may deal with said action and control it accordingly.

**3. Judgment — Res Judicata —Identity of Parties and Issues.**

When such a suit is instituted against a consolidated school district and its officers to enjoin the defendants from maintaining a school in said consolidated district, and from issuing its bonds for the purpose of raising revenue with which to build a schoolhouse in said consolidated district, on the ground that said consolidated district was not legally organized and that the bond election was illegal, in which action a final judgment adverse to the plaintiffs is rendered and remains unappealed from, there is sufficient identity between the parties filing said suit and the plaintiffs in a subsequent suit brought in the name of the other school districts comprising the territory out of which the said consolidated district was formed. joined by several resident taxpayers of each of said respective districts, against the same defendants, wherein the validity of the organization of said consolidated district and the legality of the bond election are involved, to justify the pleading of the judgment rendered in the first suit as res judicata as to all questions concerning the validity of the organization of said consolidated district and the legality of said bond election that are identical in both cases and that were or could have been tried in the former.

Error from District Court, Caddo County; Cham Jones, Judge.

Action by H. J. Ellison and others against L. R. Hodges and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Bond, Melton & Melton, for plaintiffs in error.

Dyke Ballinger, Carlisle & Edwards, for defendants in error.

RAINEY, J. On the 29th day of July, 1916. there was filed in the district court of Caddo county cause No. 3377, entitled "School District No. 21 of Caddo County, Oklahoma, v. Consolidated School District No. 22 and B. W. Giles, Frank Sears, J. Smith, and C. W. Rasure, County Superintendent." In plaintiff's petition it was alleged that school district No. 21 was a duly organized school district of Caddo county; that the defendant consolidated school district No. 22 was a pretended consolidated district, and was attempting to exercise the functions of a school district, to promote schools for said consolidated school district, to employ teachers for the same, and to do everything necessary for the

maintenance of a school for said consolidated district, all of which was alleged to be an arbitrary exercise of power, unauthorized, null and void. The petition then, with particularity, assailed the organization of said consolidated school district for alleged serious fatal defects in said proceedings, the precise nature of which alleged irregularities we deem it unnecessary to further mention at this time. Defendants joined issue by filing a general denial, and the cause was thereafter tried to the court without a jury. At the conclusion of plaintiff's evidence the court sustained defendants' demurrer thereto on the ground that the evidence offered by the plaintiff was insufficient to entitle the plaintiff to the relief prayed for in its petition. Plaintiff filed a motion for a new trial, which was overruled; the judgment becoming final, since no appeal was taken therefrom. Thereafter there was filed in the same court the instant action, styled "H.J. Ellison, C. H. Cheatham, J. A. Johnson, H. T. Roddy, G. M. Jones, Harry Walsenberger, W. S. Evans, S. M. Millwee, H. R. Knauss, Claud E. Knauss, F. K. Chism, J. N Kirk, Thomas McEwen, C. D. Klump, R. D. Sparks, F. D. Schocklee, E. M. Sprague, and Wm. Jefferson v. L. R. Hodges, F. M. Sears and B. W. Giles, and the School Board of School District No. 22, in Caddo county, Oklahoma, F. M. Sears, Director, L. R. Hodges, Clerk, and B. W. Giles, a member." In this second action the same attack was made on the organization of the school district and the legality of the bond election, and because of the same alleged fatal defects. The relief demanded was substantially the same; that is, that said consolidated district be restrained and enjoined from exercising the powers and functions of a school district. There is this difference, however, in the respective petitions. In the first it was alleged in substance that the consolidated school district was about to issue bonds for the purpose of erecting a schoolhouse, pursuant to an election held for that purpose, and in the second it is alleged that the bonds had been prepared by the defendants, had been certified by the county attorney of Caddo county, Okla., and were on file with the Attorney General of the state of Oklahoma for his approval; that the defendants had contracted for the sale of said bonds, and that if they were not restrained from so doing, when the bonds were approved by the Attorney General, they would deliver them to the proposed purchaser thereof, would receive the money due under the contract of purchase, would expend the same in the construction of a school building in the alleged consolidated school district, and that the property of the plaintiffs and other tax-payers would be assessed for taxes for the purpose of paying the interest and sinking funds for the extinguishment of said bonds —and asked for a perpetual injunction against said threatened action. On this petition a temporary injunction was issued. Thereafter the defendant filed a motion to dissolve the same, on the grounds, first, that plaintiffs' petition failed to state a cause of action for injunctional relief, and, second, that all the questions raised by said petition had been litigated and adjudicated in case No. 3377 between the same parties. The pleadings and the judgment in said cause were attached to said motion and made a part thereof. At the hearing of this motion the files in said cause No. 3377 were introduced in evidence, and at the conclusion of the hearing the court made the following order:

"The court finds from the evidence offered on the motion to dissolve the temporary injunction heretofore issued that all of the matters sought to be adjudicated in this case have heretofore been adjudicated in case 3377, and that said case 3377 and the issues therein determined are res adjudicata as to the issues in this matter. The court further finds the petition pleaded in this case states facts sufficient to constitute a cause of action under the law."

It is from this judgment that the plaintiffs have appealed to this court, and their counsel say that the only proposition involved in the case is whether the judgment in cause No. 3377 is res judicata to this action.

The well-known rule to be applied in determining whether a judgment is res judicata is correctly stated by this court in the case of Alfrey v. Colbert, 44 Okla. 246, 144 Pac. 179, in the first paragraph of the syllabus, as follows:

"In order to constitute a good plea of res judicata, the following elements should be apparent: First, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and to the issues between them—and where these elements are clearly apparent the plea should be sustained."

In support of the proposition that the judgment in case No. 3377 was not res judicata as to the last cause of action, counsel for plaintiffs call attention to the fact that consolidated school district No. 22 was formed by the consolidation of districts Nos. 21, 22, 82, and 153, and that school district No. 21 was the only plain-

tiff in the first action; that in the instant action district No. 22 is not a party, although 18 of the resident taxpayers of consolidated school district No. 22 are plaintiffs, and among these plaintiffs are taxpayers who reside in what were formerly districts Nos. 22, 82, and 153. In this situation counsel for plaintiffs assume that the parties to the two suits are not the same, and that the plaintiffs in the present case are not in privity with the plaintiffs in cause No. 3377.

City of El Reno v. Cleveland-Trinidad Paving Company, 25 Okla. 648 107 Pac. 163, 27 L. R. A. (N. S.) 650, in our opinion, refutes this contention, and in principle is controlling of the questions here presented That case was in the nature of a public proceeding instituted for the purpose of testing the validity of the acts sought to be impeached. The plaintiff in that action asked for injunctional relief to prevent the assessing of his property for the purpose of raising revenue to extinguish bonds issued for certain pavement in a paving district in which his property was situated, based upon the alleged invalidity of the proceedings under which the improvement was made, and in the case now being considered the plaintiffs asked injunctional relief to prevent the assessment of their property for the purpose of raising revenue to extinguish bonds about to be sold, the proceeds of which were intended to be applied to the erection of a public improvement, towit, a schoolhouse; the action likewise being based upon the alleged invalidity of the proceedings by which the district was created and the bonds authorized. In holding that the judgment in a suit brought by one taxpayer, attacking the invalidity of the proceedings, was res judicata in a subsequent suit brought by another taxpayer in the same district, Mr. Justice Kane. who delivered the opinion of the court, said:

"Treating the Jones Case, then, as a public proceeding to test the validity of the acts sought to be impeached, all questions that were or could have been litigated at that time by him or any other property owner of the same class affecting the validity of the proceedings of the city authorities or of the contract predicated thereon must of necessity be res judicata. If this were not the rule, Jones might have prosecuted his case to the Supreme Court, and the judgment of the district court against him be affirmed, and then his next-door neighbor in the same paving district might bring a similar suit, go through the same formula, and so on, until all the inhabitants in that district had their turn in court."

Many cases are cited in the opinion supporting the principle announced. Among

others is that of Harmon et al. v. Auditor of Public Accounts et al., 123 Ill. 122 13 N. E. 161 5 Am. St. Rep. 502, wherein it was said:

"The remedy in suits of the character here indicated is in the interest of a class of individuals having common rights that need protection, and, in the pursuit of that remedy, individuals have the right to represent the class to which they belong. This jurisdiction, in some respects, rests on the principles of a proceeding in rem."

Benton v. Nason, 26 Kan. 658, was a case involving the location of a county seat, and it was there held that, although the plaintiff was not the same as the plaintiff in another action involving the same question, 'yet it was the same interest which was represented."

Applying the principles thus announced to the facts before us, we are of the opinion that, although the first suit against consolidated district No. 22 was instituted in the name of school district No. 21 only, it was a public proceeding, in the interest of all the school districts that were consolidated into school district No. 22, and of the taxpaying residents of each of said districts; that the capacity of the plaintiffs in the first action was the same with reference to the subject-matter and to the issues between them and the defendants as between the plaintiffs and dfendants in the second action; and that the subject-matter in issue in both actions was substantially the same. In the first action, filed by school district No. 21 against consolidated school district No. 22, it was not alleged that the suit was brought in the interest of the other school districts with which it was consolidated in forming consolidated school district No. 22, nor for the benefit of the taxpaying residents of each of said districts; but in a public proceeding of this nature such allegation was not essential. See Benton v. Nason, supra.

Another significant fact disclosed by the record in this case is that a majority of the plaintiffs in this case were present and actively participated in the trial of the former action, and the same was prosecuted in their interest. Neither does the fact that in the one case it was alleged that the bonds were about to be issued, and in the other that they had been issued and were about to be sold deprive the judgment in the first case of its binding force and effect; for, when it was determined in that action that the consolidated school district was legally organized and that the bonds had been issued pursuant to law, it would necessarily follow that the school district would have a right to sell them,

and this adjudication in the first action was decisive of the same question in the second.

Our conclusion is in accord with the decision in Worrell v. Landis, 42 Okla. 464, 141 Pac. 962, wherein it was held that a judgment in a case instituted by one taxpaying resident of a consolidated school district was res judicata in another action by another taxpaying resident of the district involving the same subject-matter.

That case, like the one at bar, involved the legality of the organization of a consolidated school district, and particularly appropriate to the situation here presented is the observation that the interests of the school children, the taxpayers, and the public welfare demand that the litigation over the organization of the district should be finally terminated.

The judgment is therefore affirmed.

All the Justices concur.