**HATCHETT v. BASIL et al.**

No. 21158.   Oct. 3, 1933.

Walter Mathews, for plaintiff in error.

Thos. A. Higgins, Ernest F. Jenkins, Co. Atty., and Henry W. Hoel, Asst. Co. Atty., for defendants in error.

BAYLESS, J. This cause of action arose in the district court of Payne county, Okla., involving the title to certain lots in the town of Cushing, Okla. There are so many parties interested that it will be necessary to refer to them by name.

On May 16, 1927, M. E. Basil, county treasurer of Payne county, Okla., in pursuance of a resale had in said county on April 18, 1927, executed and delivered two certain resale tax deeds to Ed T. Thatcher, chairman of the board of county commissioners of Payne county, Okla., and his successors in office, for the use and benefit of said county, covering lots 5 and 6 in block 2, Washington Heights addition to Cushing, Payne county, Okla., which lots had been bought in the name of the county at said resale.

On October 22, 1927, A. P. Hatchett, the plaintiff herein, made a written bid or offer to purchase these lots from the county, and with said written bid or offer paid to the county treasurer of Payne county, Okla., the amount of his bid plus the fees necessary to the publication of the notice of the sale. On the same day the county treasurer of Payne county reported the bid to the board of county commissioners and recommended that it be accepted, and caused a notice to be published that on a date certain the property would be sold to Hatchett, in the absence of any other bids. This notice was defective in that the designation of the block in which these lots were located was omitted.

On November 7, 1927, the board of county commissioners of said county, acting upon the bid, the recommendation of the county

treasurer, and the notice published, approved the bid and confirmed the sale of the lots to Hatchett, but deeds were not executed or delivered to him.

J. B. Hughes, who held a mortgage for $600 upon this property, seems to have learned of the threatened sale and to have procured a deed from the mortgagors, and on November 23, 1927, filed a written protest against the sale of this property with the board of county commissioners, and tendered to the county treasurer and offered to pay all taxes due upon the property. The board of county commissioners, acting upon this protest on December 5, 1927, reconsidered their action of November 7th and withdrew the prior confirmation of the sale.

The plaintiff then learned of the defective notice theretofore published, and on December 7, 1927, acting through the county treasurer, caused a second notice to be published complying in all respects with the requirements of the statute. However, it affirmatively appears that the board of county commissioners thereafter refused to take any action upon this matter whatsoever. It also appears that the county treasurer was holding Hatchett's money in pursuance of the bid, and was refusing to accept the tender of the taxes made by Hughes.

On December 14, 1927, J. B. Hughes instituted cause No. 9046 in the district court of Payne county, Okla., naming Ed T. Thatcher, chairman of the board of county commissioners of said county, and the board of county commissioners, defendants. In this petition he alleged that the sale of the property for taxes was illegal and void, that the resale of the property to the county was illegal and void, set up his interest in the real estate, and asked to have the resale deeds canceled and permission to redeem the property from the delinquent taxes. This matter pended for some time, and on May 19, 1928, upon consent of the county attorney of said county and by stipulation, the court entered a decree holding the sale from the county treasurer to the county commissioners to be void, canceled said deeds and decreed the plaintiff the right to redeem said property and ordered the appropriate authorities to accept the delinquent taxes in redemption of the land from the tax lien. Hughes thereupon paid the money to the county treasurer of Payne county and the county treasurer was then in a position of holding the money belonging to both Hatchett and Hughes.

Hatchett thereupon instituted this action on June 8, 1928, seeking to require the board of county commissioners of said county, through its chairman, to execute and deliver to him the deeds to the property, and a second cause of action for damages for the failure to issue him the deeds theretofore. An amended petition abandoned the second cause of action. Upon the trial of the case all of the matters heretofore related by us appear by way of records introduced in evidence, as well as the oral testimony of witnesses. Upon conclusion of the hearing, the trial court denied the plaintiff the relief sought and he brings this apppeal.

The plaintiff's contention is that when the county treasurer sold this property to the county at resale, the period of redemption passed, and that no one thereafter had the right to redeem this property in the only manner by which anyone could acquire title to it from the county, the method by which he was attempting to do it, and as was provided by sec. 9745, C. O. S. 1921, as amended by ch. 158, S. L. 1923, which were in effect at that time. The contention of Hughes is that the notice which was published upon Hatchett's bid being defective, the approval of the sale or the confirmation thereof by the board of county commissioners on November 7, 1927, was a nullity, that Hatchett acquired no interest in the property by reason thereof, and that he had the right to maintain an action to quiet the title within one year after the execution and recording of the resale deeds to the county, and that when the court rendered judgment in effect decreeing that the sale of the premises by the county treasurer to the board of county commissioners for the use and benefit of Payne county was void and of no effect, and that the said deed was void and the same was canceled, and further decreeing that the defendant, who was the plaintiff in said action, had the right to redeem said premises, said judgment effectively barred the plaintiff in this case.

The plaintiff in his reply brief admits that had he been a party to the action, or had the action been begun before his purchase from the county commissioners, the same would be binding upon him, but contends that, not having been a party to that suit and the suit not having been instituted until after he had made a binding purchase from the county, the same was inadmissible against him in his suit against the county.

It will be observed from the record that the county commissioners, although they made an order approving the recommendation of the county treasurer, never at any time executed a deed to the plaintiff. On the contrary, at a later date, upon the application of the defendant, they attempted to rescind their prior order of confirmation. It will be further observed that the plaintiff himself recognized the irregularity of the notice in the first proceeding. This is evidenced by the fact that he had the county treasurer proceed a second time to advertise the lots properly by inserting the block number. This proceeding was had after the defendant had instituted his suit.

The trial court made a specific finding that the deed from the county treasurer to the chairman of the board of county commissioners was void, which finding was based upon the petition filed by the defendant. There is nothing in the record to show that any fraud was perpetrated, nor was any attempt made to show that fraud was perpetrated by the defendant upon the trial judge in securing the judgment. The judgment remained unappealed from. The plaintiff in the instant case never at any time attempted to intervene in the prior case, and we are unable to agree with the plaintiff's contention that he was a necessary party to the action instituted by the defendant.

For the reasons above stated, we therefore hold that the judgment of the trial court is in all respects affirmed. It is so ordered.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.