JOHNSON v. WILLIAMS.

No. 28854. March 2, 1943.

*134 P. 2d 584.*

Meacham, Meacham & Meacham, of Clinton, for plaintiff in error.

Mitchell & Mitchell, of Clinton, for defendant in error.

HURST, J. Plaintiff, E. R. Johnson, sued the defendant, J. B. Williams, to quiet title to 280 acres of land in Dewey county. Plaintiff was the owner of the property at the time it was sold to Dewey county, at the tax resale held on April 20, 1936. The defendant claims title under a county commissioners' deed under date of June 25, 1936. From a judgment denying the plaintiff any relief and quieting the defendant's title and awarding him possession, the plaintiff appeals.

1. Plaintiff first contends that the resale to Dewey county is void because of defects in the resale notice. He argues that the resale notice was defective in three particulars: (a) that the description was not sufficient, (b) that it did not contain a statement of the date on which the land was sold to the county for delinquent taxes, and (c) that it did not recite the year or years for which taxes had been assessed, all as required by sec. 12754, O. S. 1931, then in force. The land here involved embraced two tracts, described as follows in the resale notice:

Description, W 2 S w & Lot 5, 17, 17, 15. Record Owner, Susie H. Thompson, Years, 1931 to incl. 1935. Amount, $32.85.

Description, Lots 6-7 & 8 & S w 4 N w 17, 17, 15. Record Owner, Susie H. Thompson. Years, 1931 to incl. 1935. Amount, $23.90.

In all other respects the notice is the same as that involved in Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848. The notice is set out in the opinion in that case, and need not be again set out here. The objections urged against the notice in the instant case were urged against the notice in that case and were resolved against the former owner. On the strength of that decision, we hold that the alleged defects do not render invalid the resale notice and the description therein involved so as to render the resale void or voidable.

2. The plaintiff also contends that the sale of the land to the defendant by the county commissioners' deed is invalid because the notice of commissioners' sale did not recite that the land would be sold to C. H. Clark, who had placed a bid of $56.75 for the land, "unless higher bids are received on such date," as required by sec. 2, art. 16, ch. 66, S. L. 1935, under which the land was sold. The quoted clause was omitted from the notice. The property was actually sold to the defendant Williams at the commissioners' sale for $57.85, thus showing that a higher bid was received and accepted.

The defendant argues that since the effect of the resale was to divest plaintiff of his title, he has no such interest as entitles him to urge the invalidity of the proceedings in connection with the commissioners' sale, citing Colebrook Guaranty Savings Bank v. Lambert, 172 Okla. 80, 44 P. 2d 117. The plaintiff answers this argument by saying that the plaintiff as a taxpayer is entitled to question the sale, citing Jackson v. Sadler, 172 Okla. 56, 44 P. 2d 838.

a. It is clear that the effect of a valid resale deed, under the preceding and present statutes, is to divest the former owner of all interest in the property, and to vest a perfect fee-simple title in the purchaser, regardless of whether the county or a third person is the purchaser. See section 12756, O. S. 1931; 68 O. S. 1941 § 432 f; Taylor v. Lawrence, 176 Okla. 75, 54 P. 2d 634; Shnier v. Vahlberg, 188 Okla. 471, 110

P. 2d 593. Therefore, since we hold the resale to be valid, plaintiff has no interest in the property involved herein so as to entitle him, as a former owner, to question the regularity of the notice of the commissioners' sale. Colebrook Guaranty Savings Bank v. Lambert, above.

b. The record discloses that plaintiff is not a resident of Dewey county. Nor does it appear from the record that he owns any property in Dewey county subject to taxation. Therefore, assuming, without deciding, that a resident taxpayer of a county may, without making the required demand and otherwise complying with the provisions of 62 O. S. § 373 (the common informer statute), maintain a suit to recover property of the county that has been unlawfully transferred (compare State v. Ford, 189 Okla. 299, 116 P. 2d 988, with Airy v. Thompson, 154 Okla. 1, 6 P. 2d 445. See, also, 19 R. C. L. 1167; 44 C. J. 1382, 1383, 1418; McQuillin, Municipal Corporations [2d Ed.] § 2747), plaintiff is not a resident taxpayer of Dewey county, and therefore may not maintain the action under such theory.

3. The plaintiff also calls attention to the fact that the defendant filed no cross-petition asking that his title be quieted and that he be awarded possession of the land. True, he designated his pleading as an answer and not as a cross-petition, but in it he alleged that the resale and commissioners' sale were valid and that by them "the plaintiff has been divested of all right, title and interest in said real estate," and he prayed that he "be awarded all legal and equitable relief to which he may show himself entitled." The plaintiff cites no authority to the effect that these allegations and this prayer were not sufficient to justify the affirmative judgment in favor of the defendant. The nature of a pleading is to be determined by the contents and relief sought rather than by the name the pleader gives to it. In re Hicks' Estate, 189 Okla. 310, 116 P. 2d 905. The pleading was in effect an answer and cross-petition.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.