Stanley RUDNICKI et al., Plaintiffs in Error,

v.

TOWN OF VALLEY BROOK, Oklahoma et al., Defendants In Error.

No. 41340.

Supreme Court of Oklahoma.

March 7, 1967.

Rehearing Denied March 21, 1967.

John B. Ogden, C. W. Clift, Oklahoma City, for plaintiffs in error.

Smith, Leaming & Swan and Shapard & Cannon, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by Stanley Rudnicki and O. M. Cantrell and other parties (plain-

tiffs below) from a judgment in favor of Town of Valley Brook, Oklahoma, and the Trustees of said Town (defendants below), denying plaintiffs any relief in their suit to enjoin defendants from taking any further action in their proceedings to form a Street Improvement District and pave certain streets in said town and to cancel any assessments the defendants proposed to make in connection therewith. The parties will be referred to by name or by their trial court designation.

Our narration of the facts and circumstances will be limited to those matters necessary to our disposition of the controversy. On February 11, 1964, the Town Trustees passed Paving Resolution No. 2 for Street Improvement District No. 2, showing the necessity for paving and improving certain described and numbered streets, including S.E. 61st Street, and it was published in a newspaper. 11 O.S.Supp. 1963, § 85. Rudnicki and Cantrell and a number of other plaintiffs filed a protest to the paving of S.E. 61st Street. At a regular meeting, on April 7, 1964, the Town Trustees passed Resolution No. 3, declaring no sufficient protests had been filed, and directing preparation of final plans, profiles, specifications and estimates of probable cost. Rudnicki and Cantrell did not attend this meeting.

On August 11, 1964, Rudnicki, Cantrell, and thirty-one other persons instituted the present action, alleging generally that they were individually the owners of thirty-four lots in the paving district. The lots or locations were described only by a list of street addresses on S.E. 61st Street and on other streets, and there was no allegation of individual ownership by street address or legal description of the lots in a subdivision within the paving district. Plaintiffs' petition alleged certain claimed defects in the paving proceedings as grounds for a judicial finding that the proceedings and proposed paving assessments were, as to them, ineffective and void.

Defendants' answer to the petition denied "each and every allegation contained in said Petition" except those admitted, and further set up affirmative defenses to plaintiffs' action.

As stated, the trial court denied plaintiffs any relief, and determined all issues of fact and law against the plaintiffs and in favor of the defendants.

At the trial the defendants refused to stipulate the plaintiffs were the owners of the property they claimed to own, and defendants required plaintiffs to prove their ownership. Plaintiffs introduced the testimony of only two witnesses. These were the plaintiffs Cantrell and Rudnicki. Cantrell stated in his testimony he was the owner of 1600 South East 61st Street and that he filed a written protest to the paving. Rudnicki stated in his testimony that he owned 1608 South East 61st Street and was one of the protestants.

Under the provisions of 11 O.S. 1961, § 101, it is the lots, pieces or parcels of land therein specified that are chargeable with the cost of the street improvement, and 11 O.S.Supp.1963, § 85, states the owner of the titles to the lands liable to assessment are the parties entitled to make protest or objection to the improvement.

There was no proof, either by or in behalf of other plaintiffs, that they owned any real property within the paving district. The matter of ownership was an issue in the case, concerning which the defendants refused to stipulate, and the burden was on such plaintiffs to make this proof.

In Fitzgearld v. Fitzgearld, 176 Okl. 612, 56 P.2d 789, it is stated:

"The burden of proof rests upon the party having the affirmative, and such party must prove every essential fact necessary to establish his cause of action."

We can only conclude under these circumstances that the judgment in favor of defendants and against the plaintiffs, other than Rudnicki and Cantrell, was correct.

This leaves only the question as to what disposition shall be made of the contentions of Rudnicki and Cantrell in this appeal.

Under the present circumstances there is no necessity to determine the validity of the propositions of error presented by these two plaintiffs. By affidavits and attached exhibits filed by defendants in this appealed matter it appears that subsequent to the judgment and also after the appeal was perfected in this court, the defendants entered into a contract with a contractor, who commenced construction of the street improvements within the district; that such construction proceeded until all of the street improvements have been entirely completed with the exception of S.E. 61st Street and Pat Avenue; that these two streets have not been paved and improved and have been removed and deleted from the street improvement district; and that the construction has been accepted, and the assessing ordinance has been enacted and published as shown by a copy of the assessing ordinance and publisher's affidavit. The plaintiffs, Rudnicki and Cantrell, do not controvert these affidavits and exhibits, and in fact do admit in a response that the two streets are shown to be deleted and not paved.

Rudnicki testified he owned 1608 S.E. 61st Street and his original filed protest states he owns Lot 18, Block 7, A. C. Anderson Addition. Cantrell testified he owned 1600 S.E. 61st Street and his filed protest states he owns Lot 22, Block 7, A. C. Anderson Addition. These lot descriptions do not appear in the assessing ordinance. Based upon the above showing and this evidence, it is evident that the street on which they live and own property has not been paved and that their property has not been charged with any of the cost of the otherwise completed improvement district.

In City of Tulsa v. Chamblee, 188 Okl. 94, 106 P.2d 796, it was held that this court may, in proper cases, take cognizance of facts arising during the pendency of the appeal where such facts bear directly on the question presented on appeal, especially where such facts affect the right and duty of the court to proceed in the exercise of its appellate jurisdiction.

Under the circumstances set forth that portion of the street improvement district that affected the property of Rudnicki and Cantrell has been deleted and the defendants do not propose to assess said property, and in fact have not made any assessment upon said property in connection with the otherwise completed street improvement district. The question presented by the appeal has become moot as to these two plaintiffs and the defendants.

In Duncan v. Sims, Okl., 277 P.2d 145, 146, we held that where the question presented by an appeal has become moot, ordinarily, the appeal will be dismissed.

The appeal by Rudnicki and Cantrell is dismissed.

Affirmed as to plaintiffs other than Rudnicki and Cantrell and appeal of Rudnicki and Cantrell dismissed.

All the Justices concur.