**Woody HAMILTON et al., Plaintiffs in Error,**

v.

**The TOWN OF VALLEY BROOK, Oklahoma et al., Defendants in Error,**

**Haskell Lemon Construction Company, a corporation, Intervenor and Defendant in Error.**

**No. 42911.**

Supreme Court of Oklahoma.

May 18, 1971.

Rehearing Denied Aug. 3, 1971.

John B. Ogden, Oklahoma City, for plaintiffs in error.

Shapard & Shapard, Smith, Leaming & Swan, Oklahoma City, for defendants in error Lynch and Collins.

Smith, Leaming & Swan, Oklahoma City, for defendant in error Haskell Lemon Const. Co.

HODGES, Justice.

Plaintiffs are taxpayers and residents of the town of Valley Brook, an incorporated town located in Oklahoma County. They filed an action against the Town of Valley Brook and The Board of Trustees, challenging the legality of a paving district, created by a resolution of the Board of Trustees of the Town. After trial proceedings, the trial court rendered judgment in favor of the Town and plaintiffs appeal.

The petition of plaintiffs sought a restraining order and injunction to prevent the Board of Trustees from assessing, levying, or collecting taxes on the property; to enjoin the issuing or selling of bonds in connection with the paving district; and to declare all proceedings taken in connection with the paving district to be null and void. Plaintiffs allege that the notice of the resolution published in The Del City News was a nullity for the reason that the paper is not a legal publication and has no circulation in the Town of Valley Brook, as required by Title 11 Okl.St. Ann. Section 85; that the proceedings are void for the reason that certain portions of the paving district were deleted after the passage of the resolution and after the attempted publication; that the appointment of appraisers was improper; and that

by reason of these allegations the assessment and proceedings creating the paving district is void.

In their answer defendants assert among other defenses, that the action is in the nature of a class action and the allegations contained in the petition are essentially the same as in two prior cases filed in the district court challenging the paving district, resulting in judgments against the plaintiffs and in favor of defendants and that these judgments are final and binding on the plaintiffs herein; and plaintiffs are further estopped since they allowed full completion of the paving project and expenditure of some $159,000.00 without attempting to prohibit it and by laches are estopped.

The paving contractor, Haskell Lemon Construction Co., who was permitted to intervene, adopted the answer of the other defendant, and is a party to this appeal.

Although many points are raised on appeal it will be unnecessary to fully explore each. A prior case, involving the same attorneys representing the parties herein, prohibit plaintiffs from again prosecuting this same matter as against these defendants regarding certain attacks made upon the paving district. As to their other contention, plaintiffs are estopped from asserting them by reason of their failure to complain until after completion of the paving district.

The Board of Trustees by resolution adopted on February, 1964, approved the plans, specifications, etc., for paving district #2. In April, 1964, the Board by resolution approved the paving district and found that protests filed were insufficient. In September, 1964, bids were taken from contractors. In January, 1966, the Board approved the contractor's total expenditures of $159,667.74, and appointed appraisers to appraise and apportion benefits to the tracts to be assessed. In March, 1966, the Board by resolution levied assessment to pay cost of paving.

In the case of Rudnicki et al. v. Town of Valley Brook, Oklahoma et al., Okl.,

424 P.2d 973 (1967), the plaintiffs were taxpayers and residents of the Town of Valley Brook and the defendants were the same as in the present case. The petition sought injunctive relief as in the instant case and largely upon the same grounds. The petition was filed on August 11, 1964, judgment rendered October 26, 1964, and affirmed on appeal March 7, 1967.

The plaintiffs in the Rudnicki case were residents and taxpayers seeking to challenge the paving district involving a question of public interest as apart from a private matter and afforded the opportunity to others similarly situated to intervene if they so desired. The district court found in favor of the defendants approving the paving district. Plaintiffs appealed and this court dismissed the action as to two of the plaintiffs for reason that the question as to them was moot but affirmed the judgment as to the other plaintiffs, thereby upholding the validity of the paving district. Questions that were litigated or that could have been litigated in the Rudicki case, a class action, are binding on others similarly situated as property owners and taxpayers of the Town of Valley Brook, and they cannot maintain an action again challenging the validity of formation of the paving district. Anderson v. Jeannotte, N.D., 96 N.W.2d 591 (1959), Petition of Gardiner v. City of Jersey City, 67 N.J. Super. 435, 170 A.2d 820 (1961); Jefferson v. Greater Anchorage Area Borough, Alaska, 451 P.2d 730 (1969). Oklahoma has followed this rule in the cases of City of El Reno v. Cleveland-Trinidad Paving Co., 25 Okl. 648, 107 P. 163; Ellison et al v. Hodges et al, 71 Okl. 16, 174 P. 1089; and Jackson v. Sadler, 172 Okl. 56, 44 P.2d 838.

In the City of El Reno case, the court in discussing a prior suit attacking a formation of a paving district stated:

"Treating the Jones Case then as a public proceeding to test the validity of the acts sought to be impeached, all questions that were or could have been litigated at that time by him or any other property

owner of the same class affecting the validity of the proceedings of the city authorities or of the contract predicated thereon must of necessity be res judicata. If this were not the rule, Jones might have prosecuted his case to the Supreme Court, and the judgment of the district court against him be affirmed, and then his next door neighbor in the same paving district might bring a similar suit, go through the same formula, and so on, until all the inhabitants in that district had their turn in court."

The validity of the paving district having been attacked in the Rudnicki case unsuccessfully and the judgment of the district court affirmed by this court on appeal, the questions concerning the formation of the paving district cannot be relitigated in the present action. The Rudnicki case is res judicata as to all issues raised or that could have been raised. The town has been conferred with jurisdiction to form a paving district.

Additional matters regarding the procedures that occurred subsequent to the Rudnicki case, were not questioned or attacked until after the paving district was completed, bonds sold and paving laid. Plaintiffs cannot sit idly by and after the expenditure of some $159,000.00 receive the benefits of paving upon their streets and then attack methods by which it was accomplished. City of Muskogee v. Borum, Okl., 375 P.2d 869 (1962) and Decker v. Ponca City, Okl., 361 P.2d 195. In the Decker case we said:

"Where jurisdiction is conferred upon a municipal body to provide for paving its streets, and charge the cost thereof against the property benefited, according to the method provided by law, a property owner who stands by while such work is being prosecuted, with full knowledge that large expenditures are being made for such improvement which will benefit his property, will not, after the work is completed, be afforded relief by injunction against assessments levied against the property benefited to pay for such work."

Plaintiffs are estopped by laches from asserting the alleged invalidity of matters which arose subsequent to the Rudnicki case.

The judgment of the district court is affirmed.

All Justices concur.