Willis H. SCHICKRAM et al.,
Appellants,

v.

KAY COUNTY SUPERINTENDENT OF
SCHOOLS et al., Appellees.

No. 46459.

Supreme Court of Oklahoma.

July 31, 1973.

Burdick, Shears & Clark, Ponca City, for appellants.

Ross, Ross & McCarty, Newkirk, Joseph A. Wideman, Dist. Atty., Newkirk, for appellees.

IRWIN, Justice:

On September 5, 1967, the County Superintendent of Schools of Kay County issued an Order of Change of School District Boundaries and the Northwest Quarter of Sec. 8, 26 N 3 E was detached from Ponca City School District No. 71 and attached to Uncas School District No. 1. The order contained a specific recitation "After due and legal election * * *." Uncas School District No. 1 no longer exists and the quarter section is now located within Dependent School District No. 50 of Kay County.

On March 28, 1972, appellants, who are the present owners of the quarter section, commenced proceedings to set aside the County Superintendent's order of September 5, 1967, and have the quarter section returned to Ponca City School District No. 71, the school district from which it was detached. Appellants sought to set aside the order on the theory that it was void for the reason no valid election was held as required by law.

The trial court found that appellants were making an unlawful collateral attack on the order of September 5, 1967, and that final judgment rendered in a previous case, which involved the validity of the order of September 5, 1967, was res judicata.

The trial court sustained Appellees' motion for Summary Judgment and dismissed the action. Appellants appealed.

In its order sustaining Appellees' motion for Summary Judgment the trial court found that such motion was "supported by the Affidavit of the County Superintendent of Schools; the Affidavit of David Ross and true copies of the Petition and Order Sustaining Demurrer to Evidence in Howell vs. Kay County Superintendent of Schools et al, District Court of Kay County, Oklahoma, N. C–71–162PC and that no counter Affidavits nor other showing has been filed nor made herein by Plaintiffs denying or refuting in any respect the substance of such supporting documents."

Considering the documents relied upon by the trial court we find the Affidavit of the County Superintendent states that at all times after the order of September 5, 1967, was issued, Uncas School District No. 1 (the district to which the quarter section was attached) "operated as a lawful school district as changed by said order; conducted school, taxes were levied and subsequently said District No. 1 annexed itself to District No. 50 and that all times since said district has operated as a normal school district; providing education for the children of the area; levying taxes, selling bonds for school building purposes; remodeling and refurbishing its school facilities and otherwise carrying the usual duties of a school district." The County Superintendent further stated "that there have been numerous changes of School District Boundaries in Kay County and the only record kept of the proceedings for such changes after the time for appeal has expired is the order for Change of School District Boundary as issued by my office and this is true as to the order of September 5, 1967, changing the above real estate from District 71 to District No. 1.

The affidavit of David Ross recites that the case of Howell v. Kay County Superintendent of Schools, et al, District Court of Kay County, No. C–71–162 PC "was filed on the 1st day of October, 1971, and judgment entered therein, March 23, 1972, * * * that the issue therein was identical with that of the case at bar, to-wit: the validity of said order of September 5, 1967, as issued by the County Superintendent of Schools of Kay County, Oklahoma."

The Howell case, referred to in the Affidavit of David Ross and the order of the trial court sustaining appellees' motion for Summary Judgment, was brought by Maurice Howell, one of the appellants in the case at bar. The defendants in that case are the defendants in the case at bar. In that case Howell alleged that no notice of election was ever given; no election was ever held; and the order of September 5, 1967, was void for the reason that no valid election was ever held. Howell prayed for the same relief in that case as appellants pray for in the case at bar, i. e., that the order of September 5, 1967, be set aside and the quarter section of land be returned to the school district from which it was detached by said order.

In the Howell case the trial court sustained defendants' demurrer to plaintiff's evidence and dismissed the action. No appeal was filed and the order became final.

In this appeal the parties have submitted several legal propositions in support of their respective positions. However, in our opinion, we should make disposition of this cause by determining the following issue: Was the order of the trial court sustaining defendants' demurrer to the evidence and dismissing the action in the previous case brought by appellant Howell conclusive (res judicata) in the case at bar? In determining this issue we find it unnecessary to consider the fact that appellant, Maurice Howell, was the plaintiff in the previous case.

The factual circumstances and issue presented in Ellison v. Hodges (1918), 71 Okl. 16, 174 P. 1089, are somewhat analogous to those in the case at bar. In Ellison, an action was brought against a consolidated school district in the name of one of the several school districts comprising

the territory out of which the consolidated school district was formed. That action challenged the validity of the organization of the consolidated school district and the validity of an election at which bonds were sold. At the conclusion of plaintiff's evidence the trial court sustained defendant's demurrer on the ground that the evidence offered by plaintiff was insufficient to entitle plaintiff to the relief prayed for in its petition. That order became final.

Thereafter, another action was brought in the name of the other school districts comprising the territory out of which the consolidated school district was formed, joined by several resident taxpayers of each of the school districts. There, the same attack was made upon the validity of the organization of the consolidated school district and the legality of the bond issue as was made in the former action.

We affirmed the judgment of the trial court holding that the issues determined in the first case were res judicata in the second case. In affirming, we recognized that one of the elements constituting a valid plea for res judicata is that the parties or their privies must be the same and we held there was sufficient identity between the parties in the two cases to satisfy this requirement.

In Ellison the court said that an action challenging the validity of the organization of the consolidated school district and the validity of the bond election was in the nature of a public proceeding, and that "the interests of the school children, the taxpayers, and the public welfare demand that the litigation over the orgnaization of the school district should be finally terminated."

In Ellison, the court also said that "Our conclusion is in accord with the decision in Worrell v. Landis, 42 Okl. 464, 141 P. 962, wherein it was held that a judgment instituted by one taxpaying resident of a consolidated school district was res judicata in another action by another taxpaying resident of the district involving the same subject matter."

The Ellison case was cited with approval in Hamilton v. Town of Valley Brook, Okl., 487 P.2d 708, wherein we held:

"When resident taxpayers of an improvement district of an incorporated town bring an action in the nature of a class action involving a question of public interest to enjoin the formation and operation of such district, and a final judgment is entered, subsequent actions by others similarly situated are barred by res judicata as to all questions that were or could have been litigated in the former action."

Proceedings, as in the case at bar, involving the validity of school district annexation orders, are in the nature of public proceedings. The interest of the school children, the taxpayers and the public demand that those proceedings be finally terminated. In the first proceeding instituted in the trial court, the court determined that plaintiff was not entitled to have the quarter section of land returned to Ponca City School District No. 71, the school district from which it was detached under the September 5, 1967 order of the County Superintendent. The judgment in that case became final and is res judicata as to all questions that were or could have been litigated.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, SIMMS and JACKSON, JJ., concur.

Special Justice FLOYD L. JACKSON, on assignment by the Supreme Court, served in place of Justice JOHN B. DOOLIN.